Vie cent A. Ltjpiaxo, J.
Defendant moves for dismissal of each of the four causes stated in the complaint, for legal insufficiency.
In the first cause, it is alleged that plaintiff sells to its distributors, under contract, of which a form is attached to the complaint. It is further alleged that plaintiff thus sells to its distributors, “Satin-Set”, pursuant to written agreements under which the product is to be resold only to beauty shops and beauty schools. Plaintiff has made no such contract with the defendant. The provisions of such agreements were at all times well known in the trade and were known to the defendant. The container bears thereon the words “ Scientifically formulated for professional use only” and “Not for Resale! ” It is then alleged that one or more distributors, whose identities are unknown and with whom plaintiff has entered into such agreements, have sold and are selling professional “ Satin-Set” to the defendant, in violation of the terms of the agreement. Thus, with knowledge thereof, the defendant has knowingly and intentionally, and without just cause or excuse, induced and is inducing such distributors to sell professional ‘ ‘ Satin-Set ’ ’ to defendant and to make the product available to it for the purpose of resale to the consumer at its place of business and through various retail outlets to whom the defendant has furnished the product. At the same time, the plaintiff manufactures ‘1 Satin-Set ” bearing plaintiff’s trade-marks, brands and names, which it sells through wholesalers and to retailers, for resale to the consumer. The price received by plaintiff for the professional “ Satin-Set ” is less than the price received by plaintiff for the retail “ Satin-Set ”.
Thus, defendant willfully and knowingly offered for sale, and continues to offer for sale, plaintiff’s professional “ Satin-Set ” at retail, to consumers, and is diverting that product to various retail outlets for resale to the consumer.
Obviously, the plaintiff has not been advised of the particular distributors which have been induced to breach their contracts and from whom the defendant secures the product. In the circumstances here, the plaintiff has sufficiently alleged the existence of a contract whose breach defendant has induced as charged.
*428 Further, upon the basis of the foregoing, plaintiff is entitled to injunctive relief, and is not confined to an action at law to recover damages as the sole remedy for the continuing wrong (Avon Prods. v. Berson, 206 Misc. 900).
In the second cause of action, plaintiff relies, not on inducement to breach contract, but upon purchase by defendant from a distributor under contract, and with knowledge of the limited authority of the selling distributor to sell only to beauty shops and beauty schools. Purchase with knowledge of limited authority to sell is actionable ground for injunctive relief (Avon Prods. v. Berson, supra).
The third cause rests upon the theory of unfair competition. Apart from the right of injunctive relief to restrain the continuing wrong, based on continuing inducement of breach of contract and continuing purchase with knowledge of limited authority to sell, plaintiff has in addition the claim of right that the acts complained of in the third cause of action be enjoined upon the basis that such acts constitute unfair competition, with resultant damage to plaintiff in its relationship with its distributors and in its prestige. Unfair invasion of plaintiff’s property rights may thus be enjoined (Metropolitan Opera Assn. v. Wagner-Nichols Recorder Corp., 199 Misc. 786, affd. 279 App. Div. 632). The allegation of unfair competition is not conclusory, and if it is, it is supported by the remaining allegations of the third cause of action.
In the fourth cause of action, plaintiff alleges that it manufactures the professional “ Satin-Set ” in accordance with a special formula designed to meet the particular needs of professional operators in beauty shops and beauty schools. It is sold and distributed throughout the United States, including the State of New York, for use only by professional operators in connection with the services rendered by them to patrons of beauty shops and beauty schools. The use of professional “ Satin-Set” by the retail consumer will, or may, produce a result which is less favorable than the result achieved by the consumer’s use of plaintiff’s retail “ Satin-Set ”. Plaintiff’s professional “ Satin-Set ” package has imprinted thereon the words “ Scientifically formulated for professional use only ” and “ Not for Resale! ”. However, defendant, with knowledge and notice of these facts and circumstances, offers for sale and sells, and is continuing to offer and to sell, professional “ Satin-Set” at retail to retail consumers, and is diverting professional “ Satin-Set ” to various retail outlets for resale to the consumer.
The fourth cause is thus based upon a claim of misappropriation by the defendant of plaintiff’s good will, by means of sale *429 to the public of a trade-mark product which, to defendant’s knowledge, is produced and scientifically formulated by plaintiff solely for professional use, with the result as already indicated.
Thus, plaintiff claims an infringement of plaintiff’s rights in its name and trade-mark, which wrongfully subjects plaintiff to irreparable injury to its business and good will. The purchasing retail consumer, plaintiff contends, is entitled to receive retail “ Satin-Set ”, produced by plaintiff for use by the consumer, and not a professional product intended for another purpose and which is capable of producing* a substandard result when used by the retail consumer.
The fourth cause is sufficient (Burlington Mills Corp. v. Roy Fabrics, 91 F. Supp. 39, affd. 182 F. 2d 1020).
The motion is denied.